UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLUNIYI ADEWALE ADELEKE,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-2190

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an Order entered on August 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response on August 6, 2026, (Resp., ECF No. 7), and Petitioner filed his reply on August 10, 2026, (ECF No. 9).

**II. Factual Background**

Petitioner is a citizen of Nigeria who entered the United States in 2018. Op., *Adeleke v. Unknown Party #1* (*Adeleke I*), No. 1:26-cv-1780 (W.D. Mich Jun. 23, 2026) (ECF No. 9). On November 3, 2025, ICE arrested Petitioner. *Id.*

On November 20, 2025, Petitioner received a bond hearing pursuant to § 1226(a). *Id.* At the conclusion of the November 20, 2025, hearing, the Immigration Judge explained: "The Court is not convinced that [Petitioner] is not a flight risk." Recording of Nov. 20, 2025, Bond Hearing, at 6:12–6:16, *Adeleke I*, (W.D. Mich Jun. 16, 2026). The Immigration Judge therefore denied Petitioner's request for bond in a written order, stating, "[the] Court finds [Petitioner] to be a flight risk based on the lack of ties to the community and the very recent marriage and filing of relief." Bond Order, *Adeleke I*, (W.D. Mich. Jun. 16, 2026) (ECF No. 7-6).

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to

demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: August 14, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge